IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILLIE J. ROSS**                                                                                        **PLAINTIFF**

v.                                                                                        No. 3:14CV86-MPM-SAA

**CAPT. BROOKS**
**A. MEKINNIE**
**SGT. BROOKS**
**SGT. MILLBROOK**
**SGT. WILSON**                                                                                        **DEFENDANTS**

**MEMORANDUM OPINION**

      This matter comes before the court on the *pro se* prisoner complaint of Willie J. Ross, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Defendants Daniel Millbrook, Michael Wilson, Jimmy Brooks, and Antwoinne McKinnie have moved [38] for summary judgment. The plaintiff has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the motion [38] by the defendants for summary judgment will be granted, and the claims against defendants Daniel Millbrook, Michael Wilson, Jimmy Brooks, and Antwoinne McKinnie will be dismissed for failure to exhaust administrative remedies.

**Summary Judgment Standard**

      Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary

material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

On January 23, 2014, at the Marshall County Correctional Facility, Ross' zone went to the dining hall to eat. Ross and another inmate were a little late because they were using the restroom when the rest left to eat. The other inmate got to eat, but Captain Brooks told Ross to leave before he could eat. Ross explained to Brooks that he had not eaten and why he was late. Brooks still refused, and the two argued. Eventually, Ross ate, despite Brooks' order. Brooks became angry and tried to make the other inmates angry with Ross. While within earshot of other inmates, Brooks said, "While I was at home . . . I thought about [Ross]." The next night, Brooks told the entire dormitory that they were *all* being punished because Ross disrespected him. Brooks then ordered Ross into the hallway, where they rehashed the incident in the dining hall. Ross tried to apologize, but Brooks said that wasn't enough. Brooks then ordered Ross to stay outside in 30 degree weather from 7:00 p.m. until 10:45 p.m. Lt. Ryan on the next shift told Ross to go back to his unit. After these events, the other defendants have retaliated against Ross by filing false Rule Violation Reports against him. According to the Second Step Response Form, Brooks no longer works at the Marshall County Correctional Facility. The United States Marshal Service has attempted to serve Captain Brooks with process but has been unable to do so.

**Exhaustion of Prison Administrative Remedies**

The Prison Litigation Reform Act states, in pertinent part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Mississippi Code Annotated § 47-5-801 grants the Mississippi Department of Corrections the authority to adopt an administrative review procedure at each of its correctional facilities.

Under this statutory authority, the Mississippi Department of Corrections has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint or grievance relating to any aspect of his incarceration. This court approved the ARP Program in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. Feb. 15, 1994). *See also Marshall v. Price*, 239 F.3d 365, 2000 WL 1741549, at *1 (5th Cir.Nov. 6, 2000). On September 19, 2010, the ARP process was changed from a three steps to two. *See Gates v. Barbour*, No. 4:71CV6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); *Threadgill v. Moore*, No. 3:10CV378-TSL-MTP, 2011 WL 4388832, at *3 n.6 (S.D. Miss. July 25, 2011).

The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident. *Howard v. Epps*, No. 5:12CV61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss.May 29, 2013). The adjudicator screens the grievance and determines whether to accept it into the ARP process. *Id*. If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. *Id.* If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator. *Id.* The Superintendent, Warden or Community Corrections Director will then issue a final ruling, or Second Step Response – which completes the ARP process. *Id*. If the inmate is unsatisfied with that response, he may file suit in state or federal court. *Id*.

While the exhaustion requirement is not jurisdictional, *Underwood v. Wilson*, 151 F.3d 292, 293-295 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1809, 143 L. Ed. 2d 1012 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)), "[a]bsent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies must be exhausted before the filing of suit should be imposed." *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998); *Smith v.*

*Stubble field*, 30 F.Supp. 2d 1168, 1170 (E.D. Mo. 1998). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell*, 162 F.3d at 981 (citations omitted). The exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S.81, 89 (2006).

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary" under the Prison Litigation Reform Act. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); see also *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir.2003)); *Lane v. Harris Cty.Med.Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan.11,2008)(stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." *Booth v. Churner*, 532 U.S. 731, 739 (2001) (holding that a claim for monetary damages claim is not exempt from exhaustion requirement even though damages cannot be awarded in the administrative program.)

Ross has failed to exhaust his available administrative remedies regarding any of his claims against these defendants prior to filing suit. Ross submitted two grievances through the Mississippi Department of Corrections Administrative Remedy Program ("ARP") while he was housed at the Marshall County Correctional Facility ("MCCF"). The first was submitted on January 30, 2014,

complaining that Captain Brooks had attempted to deny him a meal, had used disrespectful language toward him, and had made him stand outside in cold weather without a coat or hat for more than three hours. *See* Collins Affidavit, Exh. "A," MCCF-14-57. This grievance made no mention of any of these Defendants and pertained only to allegations against Captain Brooks. Ross submitted another grievance through the ARP process on or about March 24, 2014, appealing his guilty finding on the Rule Violation Report he had received for failing to comply with institutional count procedures. *See* Exh. "A," MCCF-14-124 (referencing RVR No. 01300413). This grievance alleged that Sgt. D. Taylor (who is not a defendant) had not conducted a proper investigation into the disciplinary charge against him. *Id*. Although the grievance stated that Officer McKinnie had delivered the Rule Violation Report to him, it did not contain any allegations that the Rule Violation Report was a result of retaliation, and Ross admitted to some of the allegations against him. *Id*. In any event, this grievance was rejected because Ross had submitted it more than fifteen days after the date of the February 24, 2014, disciplinary hearing in violation of the ARP's filing guidelines. *Id*. Ross, therefore, did not exhaust any claims regarding this Rule Violation Report. As such, Ross' claims against defendants Daniel Millbrook, Michael Wilson, Jimmy Brooks, and Antwoinne McKinnie will be dismissed for failure to exhaust administrative remedies.

## Conclusion

For the reasons set forth above, the plaintiff's claims against Daniel Millbrook, Michael Wilson, Jimmy Brooks, and Antwoinne McKinnie will be dismissed for failure to exhaust administrative remedies. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22nd day of October, 2015.

        **/s/ MICHAEL P. MILLS**
        **UNITED STATES DISTRICT JUDGE**
        **NORTHERN DISTRICT OF MISSISSIPPI**